# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| BUFORD GAITER, | ) Case No.: |
| Plaintiff, | ) |
| v. | ) Hon. |
| GC SERVICES, LP, | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES Plaintiff, BUFORD GAITER ("Plaintiff"), through his attorneys, KROHN & MOSS, LTD., and hereby alleges the following against Defendant, GC SERVICES, LP ("Defendant"):

## INTRODUCTION

1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Michigan Collection Practices Act ("MCPA"), Mich. Comp. Laws § 445.251 *et seq.*

## JURISDICTION and VENUE

2. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the conduct giving rise to this action occurred in this district as Plaintiff resides in this district and Defendant transacts business in this district.

## PARTIES

4. Plaintiff is a natural person at times relevant residing in Saginaw, Michigan, in

the County of Saginaw.

5. Plaintiff owes or allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5) and Mich. Comp. Laws § 445.251(a) and is a consumer as that term is defined by 15 U.S.C. § 1692a(3) and Mich. Comp. Laws § 445.251(d).

6. Defendant is a business entity incorporated in Delaware with an office located at 6330 Gulfton St., Houston, Texas 77081.

7. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection and is a debt collector as that term is defined by 15 U.S.C. § 1692a(6) and/or a collection agency as that term is defined by Mich. Comp. Laws § 445.251(b).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

9. Prior to the filing of this action, an account was placed with Defendant to collect funds from Plaintiff which were alleged to be owed and past due ("debt").

10. The debt arises from transactions on a credit card which was for personal use.

11. In connection with the collection of the debt, Defendant places telephone calls to Plaintiff.

12. In connection with the collection of the alleged debt, in February or March of 2015, placed a telephone call to Plaintiff and left the following message:

> This message is for Buford Gaiter, my name is Patricia Corbett.
> Please call me at 1-800-926-3136 extension 4345. Thank you.

13. In connection with the collection of the alleged debt, in February or March of 2015, Defendant placed a telephone call to Plaintiff and left the following message:

> This message is for Buford…Gaiter, my name is Patricia Corbett.

>    Please call me at 1-800-926-3136 extension 4345.

14. In connection with the collection of the alleged debt, on or about March 6, 2015, placed a telephone call to Plaintiff and left the following message:

>    Hi, this message is for Buford Gaiter, my name is Cody (surname inaudible), sir…er…Buford, please return the call, sir, it is important we speak at your earliest convenience. You can reach me at 314-851-4337 or toll free at 1-800-926-3136. Thank you.

15. Defendant did not, through its messages, disclose Defendant's identity.

16. Defendant did not, through its messages, state its name.

17. Defendant did not, through its messages, state its agents' duties, role or position.

18. Defendant did not, through its messages, state the nature of its business.

19. Defendant did not, through its messages, disclose that it was a debt collector.

20. Defendant did not, through its messages, disclose that the purpose of its call was to collect a debt.

21. Defendant, through its messages, withheld its name to deceive Plaintiff as to Defendant's true identity.

22. Defendant, through its messages, withheld the nature of its call to deceive Plaintiff as to Defendant's true purpose to collect funds from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

23. Defendant violated the FDCPA based on the following:

    a) Defendant violated § 1692d(6) of the FDCPA by failing to provide Plaintiff with its identity in its messages for Plaintiff; and

    b) Defendant violated § 1692e(11) of the FDCPA by failing to disclose in its messages that it is a debt collector.

WHEREFORE, Plaintiff, BUFORD GAITER, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following

24. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

25. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k, and

26. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE MICHIGAN COLLECTION PRACTICES ACT

27. Defendant violated Mich. Comp. Laws § 445.252(e) by concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt.

28. Defendant violated Mich. Comp. Laws § 445.252(g) by communicating with Plaintiff without accurately disclosing its identity.

WHEREFORE, Plaintiff, BUFORD GAITER, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following

29. Statutory damages of $50.00 pursuant to Mich. Comp. Laws § 445.257(2);

30. Statutory damages of $150.00 pursuant to Mich. Comp. Laws § 445.257(2) if the Court finds Defendant's violation(s) was willful;

31. Reasonable attorneys' fees and court costs pursuant to t Mich. Comp. Laws § 445.257(2); and

32. Any other relief that this Honorable Court deems appropriate

Respectfully submitted,

Dated: May 11, 2015

/s/ Ryan Lee
Ryan Lee
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-861-1390
rlee@consumerlawcenter.com
Attorneys for Plaintiff